## STATE v. McCLENTON.

MAGISTRATE—CARRYING CONCEALED WEAPONS—JURISDICTION.—WHERE INDICTMENT charges assault and battery with intent to kill in first count, and carrying concealed weapon in second, and grand jury finds "no bill" as to first count, and "true bill" as to second, Sessions Court may remand case to magistrate for trial, who has concurrent jurisdiction of the case, under sec. 2, 22 Stat., 423, with Sessions Court.

Before WATTS, J., Charleston, June, 1900.    Affirmed.

Indictment against Edward McClenton for carrying concealed weapon.    From order sustaining judgment of magistrate, defendant appeals.

*Mr. Thos. B. Curtis,* for appellant, cites: Crim. Code, 19, 22 Stat., 423.

*Mr. James Evans,* for attorney general, contra.    Oral argument.

February 11, 1901.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    Appellant was arrested under a warrant and affidavit charging him with an aggravated assault and battery on the prosecutor by striking him twice over the head with a chain and snapping a pistol at him several times.    The solicitor gave out a bill of indictment for assault and battery with intent to kill, with a second count for carrying a concealed deadly weapon.    The grand jury found "no bill" as to the first count and "true bill" as to the second.    Thereupon, Hon. Ernest Gary, presiding Judge, ordered that the warrant be returned to the judicial magistrate for trial for carrying a concealed weapon.    The case was afterward brought to trial before the magistrate, the defendant appearing and pleading, and was found guilty and sentenced.    From this sentence he appealed to the Court of General Sessions, Hon. R. C. Watts presiding, which Court affirmed the judgment of the magistrate.

The question now presented is whether the magistrate had jurisdiction to try the defendant for carrying a concealed deadly weapon.    By the act of 1897, 22 Stat., 423, such an offense is made punishable by a fine not exceeding $100, or imprisonment not exceeding thirty days, and by sec. 11, Crim. Stat., magistrates have jurisdiction of all offenses subject to penalties within said limits.    But it is contended

that section 2 of the act of 1897, *supra,* made the jurisdiction of the Court of General Sessions exclusive in this case. That section provides: "In every indictment for murder, manslaughter, assault and assault and battery of a high and aggravated nature, assault and assault and battery with intent to kill, and in every case where the crime is charged to have been committed with a deadly weapon of the character specified in the first section, there shall be a special count in said indictment for carrying concealed weapons, and the jury shall be required to find a verdict on such special count; and all cases embraced in this section, including the carrying of the weapons, shall be in the exclusive jurisdiction of the Court of General Sessions, &c." As we construe this section, the jurisdiction of the Court of General Sessions in a case of carrying a concealed weapon is exclusive only when the indictment found by the grand jury charges murder, manslaughter or other criminal assault committed with a deadly weapon of the character specified in section 1. In all such cases the indictment should contain a special count for carrying concealed weapons, and the petit jury in the Court of General Sessions must find a verdict on such special count. In this case the indictment found by the grand jury charges no crime which was committed with a deadly weapon. The grand jury having found "no bill" as to such charge, the indictment stood as if it originally contained only the count for carrying a concealed weapon. Such a case is, therefore, not in the exclusive jurisdiction of the Court of General Sessions. Since Courts of General Sessions, under the Constitution of 1895, art. V., sec. 18, have jurisdiction in all criminal cases, except those in which exclusive jurisdiction shall be given to inferior courts, and there being no statute placing jurisdiction of the offense of carrying a concealed deadly weapon exclusively in the magistrate court, the jurisdiction of the General Sessions Court in such case is concurrent with but not exclusive of the magistrate court. But being a Court of general jurisdiction in criminal matters, the Court of General Sessions had power to remit the matter of carry-

ing a concealed weapon to the magistrate court having juris-
diction also of such offenses. Pursuant to the order of the
General Sessions Court, from which there was no appeal, the
defendant appeared in the magistrate court and plead to the
charge of carrying a concealed deadly weapon, without any
objection, so far as the record shows. Under these circum-
stances the magistrate had jurisdiction both of the person of
the defendant and of the offense for which he was convicted.

The judgment of the Circuit Court is affirmed.